AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:18mj178
1700 Merrydale Road, Springfield, OH 45503 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the    Southern    District of    Ohio   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See Attachment 1 | See Attachment 1 |

The application is based on these facts:

See Attached Affidavit of Timur J. Housum

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Timur J. Housum, SA of the ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-7-18

*Judge's signature*

City and state: Dayton, Ohio

Sharon L. Ovington, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Timur J. Housum, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (S/A) in the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since July of 2015. As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Glynco, Georgia. I also graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, in February of 2016. In addition, I was a member of the Dayton, Ohio, High Intensity Drug Trafficking Area (HIDTA) Task Force and am currently assigned to an Organized Crime Task Force, which investigates criminal organizations in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was an Officer with the Uniformed Division of the United States Secret Service and was employed in this position from February of 2011 through July of 2015. I have received additional training in several areas of law enforcement, including but not limited to Gang investigations, Narcotics interdiction and investigation, and firearms interdiction and investigation. I am also a graduate of Centre College, where I received a Bachelor's degree in Economics in May 2009.

2. I submit this affidavit in support of an application for a federal search warrant for the following premises as there is probable cause to believe that evidence of a crime, namely -- 18 U.S.C. § 922(b)(5) (licensed dealer willfully selling or delivering a firearm without noting in his records the name, age, and place of residence of the transferee); 18 U.S.C. § 922(m) (licensed dealer knowingly make false entries in records); 18 U.S.C. § 924(a)(1)(A) (knowingly making any false statement or representation with respect to the information required to be kept in the licensed dealers records) 924(a)(3)(A) (licensed dealer making false statements with respect to information required under federal law to be kept in his records) – exists and can be found at this location:

    a. The business of Jim's Sports located at 1700 Merrydale Road, Springfield, OH 45503 (hereinafter "SUBJECT PREMISES"). SUBJECT PREMISES is more fully described in Attachment A, and Attachment A is incorporated herein by reference.

3. This affidavit is intended to show that there is sufficient probable cause for a search warrant of the above-referenced location and does not purport to set forth all of my knowledge of, or investigation into, this matter. The facts and information contained in

1

this affidavit are based on my personal knowledge, my training and experience, my interviews of various witnesses, including law enforcement personnel who participated in this investigation, and my review of certain records, documents, audio recordings, and video recordings.

4. Based on my knowledge, training, and experience, I know that businesses known as Federal Firearms Licensees (FFLs) handle the sale and transfer of firearms and are required by law to maintain records to document the possession, sale, or transfer of any firearms – including, under, among other provisions, section 923 of Title 18. Upon taking possession of a firearm, an FFL must log the firearm into an acquisitions and dispositions book or log. When the firearm leaves the FFLs possession upon transfer or sale, the FFL must log that transfer or sale into the acquisitions and dispositions records. Thus, the FFLs current inventory of firearms must be reflected in the acquisitions and dispositions records.

5. All FFLs are subject to compliance inspections to verify that their acquisitions and dispositions records accurately document their firearms transactions. During a routine compliance inspection, ATF Industry Operations Investigators (IOI's) compare their records to the business' records, and look for any discrepancies/violations. The IOI's would ensure that all firearms were documented correctly in the acquisitions and dispositions records as to all sales, transfers, and possessions. All firearms present in the business's inventory are compared to the business's acquisitions and dispositions records.

6. There are multiple documents that reflect the transfer, sale, and possession of each firearm. An owner of a Federal Firearms Licensee (FFL) must keep the ATF Form 4473, which contains the identifying information of purchaser as well as the National Instant Criminal Background Check (NICS) approval for the transfer of the firearm from the FFL to the purchaser of the firearm.

7. Through my role as a special agent, I have participated in the execution of search warrants involving the possession, sale, and use of firearms. I also have personally participated in firearm investigations, many of which involved arrests and/or the use of cooperating sources or confidential informants. Based upon these experiences, I have become familiar with where individuals frequently store firearms and documents relating to the sale or disposition of their firearms. In particular, I know:

    a. that individuals who own or possess firearms frequently store these weapons at their homes or out buildings associated with their homes, such as a garage;

    b. that individuals who possess firearms often retain or own other items related to firearms, including, but not limited to: gun cases, ammunition, ammunition magazines, holsters, spare parts, cleaning equipment, photographs of firearms, and receipts documenting the purchase of these items;

    c.    that individuals who own or possess guns frequently keep these items for extended periods of time given the durability and expense of firearms;

    d.    that individuals keep or possess in their residences, businesses, other real property and vehicles over which they have dominion and control, documents and items which indicate their occupancy and/or ownership such as:

- personal mail, checkbooks, identification, notes, correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, vehicle registration information, ownership warranties, receipts for vehicle parts and repairs and telephone answering machine introductions.

- cameras and/or digital recording devices and/or containers of undeveloped photographic film, containing photographs (when developed) of themselves occupying the property and vehicles.

    e.    that individuals who sell firearms as a business, whether with or without a license, frequently document their sales either in the form of receipts or computerized records; additionally, these individuals typically maintain books, U.S. currency, notes, ledgers, computers, computer disk, pagers, cellular telephones, money orders, IOU's, buyer/seller lists, and other papers, all relating to the sale, transportation, ordering, possession, and/or distribution of firearms.

8. Based on my training and experience, I know that computer hardware, software, documentation, passwords, and data security devices may be important to a criminal investigation in two distinct and important aspects: (1) the objects themselves may be instrumentalities, fruits, or evidence of a crime, and/or (2) the objects may have been used to collect and store information about crimes in the form of electronic data.

9. Based upon my knowledge, training and experience, and the experience of other law enforcement personnel, I know that searches and seizures of evidence from computers commonly require agents to seize most or all computer items (hardware, software, and instructions) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

    a.    Computer storage devices (like hard disks, diskettes, tapes, laser disks, Bernoulli Drivers, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names.

3

    This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. The sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search on site; and

  b. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before the search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure, which is designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (both from external sources or from destructive code embedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.

## ITEMS TO BE SEIZED

10. A list of specific items to be seized from SUBJECT PREMISES is attached hereto as Attachment B, and Attachment B is incorporated herein by reference.

11. Based on my training and experience, as detailed above, I believe that there is probable cause to believe that the items listed in Attachment B will be found at SUBJECT PREMISES.

## PROBABLE CAUSE

12. On January 2, 2018, ATF Industry Operations Investigator (IOI) Justin Byrd attempted a compliance inspection on Federal Firearms Licensee (FFL) James Alfred MAYHUGH, Jr. doing business as (dba) Jim's Sports (FFL # 4-31-023-01-0B-35016). Due to MAYHUGH purportedly being out of town, IOI Byrd had to reschedule for February 5, 2018.

4

13. On February 5, 2018, IOI Byrd conducted an inspection of MAYHUGH's FFL – namely, the business of Jim's Sports located at 1700 Merrydale Road, Springfield, OH 45503 (i.e., the SUBJECT PREMISES). An inventory of two (2) Cobra pistols was conducted along with the review of nineteen (19) ATF Forms 4473. It should be noted that, before a licensed dealer may sell a firearm, he must have the purchaser complete on their own an ATF Form 4473, which requires the purchaser to disclose certain information about himself or herself, including, but not limited to: their true name, address, date of birth, and other information; as the form makes clear, a licensed dealer may not fill out the form for the purchase. Once the purchaser completes the form, the licensed dealer contacts the National Instant Criminal Background Check System (NICS) to conduct an instant background check.

14. Based on IOI Byrd's review of MAYHUGH's records, he noticed several areas of concern. For instance, it appeared that MAYHUGH had conducted the NICS check prior to the time when some of the Form 4473s had been completed. IOI Byrd found this odd, and instructed MAYHUGH to cease the practice and wait for the buyer to arrive at the premises before conducting the NICS check.

15. Additionally, IOI Byrd also noticed that, on the Form 4473s, the handwriting of each purported gun purchaser/transferee appeared to be the same. This fact suggested that the same person – most likely, MAYHUGH – was filing out the forms himself. IOI Byrd ran information concerning one of the purported purchasers, identified herein by the initials W.S., through the Ohio Law Enforcement Gateway (OHLEG) and revealed that W.S.'s driver license had expired in 2009. However, the Form 4473 for this purchaser indicated that his license expired in 2020. Similar queries of other purchasers/transferees found active driver's licenses, but issues with addresses and/or expiration dates found on the Form 4473s.

16. IOI Byrd went back out to MAYHUGH's premises on February 16, 2018 and confronted him regarding the findings (IOI James Hampton accompanied as a witness). MAYHUGH admitted he filled out Section A of the form for his customers; MAYHUGH even clarified he has been doing it "since day one [of his FFL]." MAYHUGH did say he checked identification and driver's licenses.

17. IOI Byrd scanned all ATF Forms 4473 within the past 12 months and the FFL's entire acquisition and disposition (A&D) record. IOI Byrd noted to MAYHUGH that he would be cited under the regulations for falsification of the forms by completing Section A for his customers. At that time, he claimed to be conducting this practice as a "favor" to his clients.

5

18. Upon return to the office, IOI Byrd ran the remaining purchasers identified in the A&D record and/or Form 4473 through OHLEG and found even more discrepancies with identification documents. The largest discrepancy came from running an individual identified herein by the initials R.S, who purportedly acquired a Phoenix HP22 pistol from MAYHUGH's FFL on January 26, 2018. According to OHLEG, R.S. was deceased, which was confirmed via a Cincinnati Enquirer news story concerning R.S.'s 2015 drowning death. Federal agents have since acquired R.S.'s death certificate, which confirmed his passing during 2015. Yet, according to MAYHUGH's A&D record, R.S. acquired five (5) firearms from MAYHUGH since his death.

19. Further, two more individuals who were listed in the A&D logs and/or Form 4473s, namely, individuals identified by the initials P.L. and R.L, who bought handguns around the same time period, were found to have expired Ohio Driver's Licenses. P.L. and R.L. were found to reside in Michigan and Utah respectively.

20. IOI Byrd requested a new NICS FFL audit log to determine if NICS checks were valid as the transactions conducted were posted after IOI Byrd's initial log. According to the log sent by NICS section, all NICS checks were valid.

21. IOI Byrd was to conduct a closing conference with MAYHUGH on February 20, 2018 at 11:30 am. IOI Byrd called MAYHUGH on February 16, 2018 and left a voicemail advising that due to a prior engagement he would be unable to attend this closing. During the February 16, 2018 meeting, MAYHUGH disclosed he would be "out of town" starting on February 22, 2018, he stated he would be visiting his daughter in Nashville, Tennessee who had just had a child.

22. During the initial interview, MAYHUGH did not claim to conduct business at gun shows or Internet sales. His main distributor appeared to be Outdoor Sports Headquarters, Inc. (FFL # 4-31-113-01-0C-36309).

23. On February 20, 2018, I queried James MAYHUGH Jr. in OHLEG. MAYHUGH is further described as a white male with an address of 1700 Merrydale Road, Springfield, OH. I confirmed with ATF IOI Justin Byrd that the identified James MAYHUGH Jr. is the owner of Jim's Sports.

24. On or about March 6, 2018, federal agents interviewed an individual identified herein as D.S., a person whom MAYHUGH's records revealed purportedly had purchased 20 guns from his business since 2010. In particular, MAYHUGH's A&D logs as well as multiple Form 4473's listed personal identifying information for D.S., identifying this person as the purchaser of guns ranging from handguns to rifles. During the interview, D.S.

indicated that D.S. had only purchased a single firearm from MAYHUGH's business during 2010. D.S. indicated that D.S. still owned this firearm. D.S. advised that D.S. had never purchased any other firearms from MAYHUGH. When shown later Form 4473s purporting to bear D.S's signature, D.S. advised that D.S. had not signed those documents and had not purchased the firearms identified in them.

25. Based on the above information, I believe that MAYHUGH is knowingly, intentionally, and willfully falsifying records that he is required to keep as an FFL under federal law. In particular, he appears to be falsifying A&D logs as well as Form 4473s, records that, based on the inspection, he keeps at his residence. I also know based on, my training and experience, that the following items are likely to be found in the possession of an FFL:

    a. Books, records, receipts, notes, ledgers, and other papers relating to the possession, inventory, and/or sales of firearms.

    b. Mandated records that are required to be kept by all Federal Firearms Licensee's, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, portable storage devices, or other related equipment; including but not limited to:

        i. ATF Form 4473's

        ii. Commercial Sales Invoices for firearms received

        iii. Commercial Sales receipts for firearms sold

        iv. Acquisition and Disposition Records

        v. Completed ATF Form 1

        vi. Completed ATF Form 2

        vii. Completed ATF Form 3

        viii. Completed ATF Form 4

        ix. Completed ATF Form 5

    c. Books, records, receipts, notes, ledgers, money orders, and other records related to the receipt, expenditure and concealment or other disposition of income, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, portable storage devices, or other related equipment, relating to the failure to maintain proper records by all Federal Firearms Licensee's.

    d. Any safes, vaults, or secured storage equipment that could secret any of the above listed items, and the contents therein.

    e. I also known that FFL's in this modern era often keep these records in electronic format on computers, hard drives or other electronic media.

26. Based on the foregoing, your affiant respectfully submits that there is probable cause to issue a search warrant for the following premises:

    a. The business of SUBJECT PREMISES is located at 1700 Merrydale Road, Springfield, OH 45503. SUBJECT PREMISES is more fully described in Attachment A, and Attachment A is incorporated herein by reference.

Further affiant sayeth naught.

Timur J. Housum  
Special Agent, ATF  
Dayton, OH

Subscribed and sworn to me this 7th day of March 2018.

HONORABLE SHARON L. OVINGTON  
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
## LOCATION TO BE SEARCHED

Based upon the foregoing, I respectfully submit that there is probable cause for a search warrant at SUBJECT PREMISES at **1700 Merrydale Road, Springfield, OH 45503, including any outbuildings, sheds, or storage lockers at this premises.**

The business of Jim's Sports is located at 1700 Merrydale Road, Springfield, OH 45503 and is further described as a red brick, single story residence with features to include: a black roof, white front door, gray window shutters, three (3) white trimmed windows on the front, a white double garage door, and has a basketball hoop in the drive way. The numbers 1700 are clearly marked by a gray sign in between the main window and the white garage door. The business/residence resides north of the intersection of Merrydale Road and Merrimont Avenue. Jim's Sports is a business run from a residence. The mailbox associated with this business/residence is located to the right of the front door and is black in color.







# ATTACHMENT B
# ITEMS TO BE SEIZED

Based upon the foregoing, I respectfully submit that there is probable cause to believe that the following items will be found at SUBJECT PREMISES as more fully described in Attachment A:

1. Books, records, receipts, notes, ledgers, and other papers relating to the possession, inventory, and/or sales of firearms as well as the knowing of false information into the same.

2. Mandated records that are required to be kept by all Federal Firearms Licensee's, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, portable storage devices, or other related equipment; including but not limited to:
    i. All ATF Form 4473's
    ii. Commercial Sales Invoices for firearms received
    iii. Commercial Sales receipts for firearms sold
    iv. Acquisition and Disposition Records
    v. Any completed ATF Form 1
    vi. Any completed ATF Form 2
    vii. Any completed ATF Form 3
    viii. Any completed ATF Form 4
    ix. Any completed ATF Form 5

3. Books, records, receipts, notes, ledgers, money orders, and other records related to the receipt, expenditure and concealment or other disposition of income, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, portable storage devices, or other related equipment, relating to the failure to maintain proper records by all Federal Firearms Licensee's.

4. Any safes, vaults, or secured storage equipment that could secret any of the above listed items, and the contents therein.

5. Any computers, hard drives or storage media that may contain any of the records, ledgers, or other information related to the sale of firearms and the entry of false statements into this records

ATTACHMENT 1

18 U.S.C. § 922(b)(5) (licensed dealer willfully selling or delivering a firearm without noting in his records the name, age, and place of residence of the transferee)

18 U.S.C. § 922(m) (licensed dealer knowingly make false entries in records);

18 U.S.C. § 924(a)(1)(A) (knowingly making any false statement or representation with respect to the information required to be kept in the licensed dealers records)

924(a)(3)(A) (licensed dealer making false statements with respect to information required under federal law to be kept in his records)